# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIORITY PHARMACY, INC., a California corporation,<br><br>                     Plaintiff,<br>   v.<br><br>SERONO, INC., a Delaware corporation; SERONO LABORATORIES, INC., a Delaware corporation, and DOES 1 through 20, inclusive,<br><br>                     Defendants. | CASE NO. 09cv1867 BTM(POR)<br><br>**ORDER DENYING MOTION TO TRANSFER VENUE AND GRANTING MOTION TO DISMISS** |

Defendants Serono, Inc. and Serono Laboratories, Inc. (collectively "Serono" or Defendants") have filed a motion to transfer venue, or, in the alternative, to dismiss Plaintiff's Complaint for failure to state a claim. For the reasons discussed below, Defendants' motion to transfer venue is **DENIED** and Defendants' motion to dismiss is **GRANTED**.

## I. BACKGROUND

In this action, Plaintiff Priority Pharmacy, Inc., sues Serono for attorney's fees and costs in excess of $300,000 that it incurred in defending itself in <u>United States ex. Rel. Driscoll, et al. v. Serono, Inc., et al.</u>, Case No. 00-11680, a qui tam action filed in the United States District Court of Massachusetts. The qui tam action concerned the alleged violation of federal and state law by Serono and certain pharmacies, including Plaintiff, in connection

with the sale/purchase of Serono's AIDS treatment drug, Serostim.

Since the mid-1990s, Serono has manufactured and sold the drug Serostim, which is approved for the treatment of "wasting" associated with AIDS. Priority is a California San Diego-based pharmacy.

Following FDA approval of Serostim, Serono created a Specialty Provider Program/Preferred Provider Program ("SPP/PPP"). Pharmacies that participated in the program collected and provided Serono with data about their Serostim sales. Serono provided the participating pharmacies with a reduction in the price of Serostim to reimburse them for the extra work and costs incurred in providing the data to Serono.

Plaintiff participated in the SPP/PPP program from 1997 until January, 2001, when Serono terminated the program.

On August 17, 2000, the qui tam action was filed again Serono, alleging that Serono knowingly accepted payment or reimbursement from public and private health insurers that exceeded the reimbursement price for Serostim established by agreement between Serono and the FDA. Subsequently, the complaint was amended several times, adding claims against Serono for violations of federal law and the false claim acts of various states, adding as defendants pharmacies which participated in the SPP/PPP program, and adding claims that the pharmacy defendants violated the federal False Claim Act and state false claims acts.

The federal government conducted an investigation into Serono's promotion, marketing, and sales of Serostim. The United States eventually elected to intervene as to the federal claims against Serono, and Serono engaged in settlement negotiations with the federal government and the relators. In October, 2005, Serono, the government, and the relators entered into a settlement agreement under which Serono agreed to plead guilty to criminal charges and pay an amount exceeding $700 million to resolve all of the pending matters.

The United States elected not to intervene as to the federal claims against the pharmacy defendants. On August 19, 2007, Plaintiff brought a motion to dismiss the Fourth

Amended Complaint upon various grounds. In an order dated March 18, 2008, the Massachusetts district court dismissed the Fourth Amended Complaint as against the pharmacy defendants on the ground that the relators had failed to plead fraud with particularity. (Plaintiff's RJN, Ex. 5.) The court explained: "These paragraphs outline a fraudulent scheme, but they fail to identify a single particular false claim submitted for payment by any of the pharmacy defendants to any governmental agency at any time. There are no details concerning such matters as the specific dates, content, identification numbers, or dollar amounts of false claims actually submitted." (Id.)

On May 29, 2009, Plaintiff commenced this action. Plaintiff seeks recovery of the attorney's fees and costs it incurred in its defense of the qui tam action. Plaintiff asserts claims for (1) equitable indemnification; (2) negligence; and (3) declaratory relief.

## II. DISCUSSION

### A. Motion to Transfer

Defendants contend that this case should be transferred to the Massachusetts district court pursuant to 28 U.S.C. § 1404(a). Upon review of the relevant factors, the Court concludes that Defendants have not satisfied their burden of establishing that a transfer is justified.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate in a particular case, courts consider factors such as (1) the plaintiff's choice of forum, (2) the convenience of the witnesses and parties, (3) the ease of access to sources of proof, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the state that is most familiar with the governing law, and (8) the availability of compulsory process to compel attendance of unwilling non-party witnesses. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d

834, 843 (9th Cir. 1986). The burden of showing that transfer is appropriate rests on the moving party. Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

The parties do not dispute that this action could have been brought in the District of Massachusetts. Accordingly, the Court considers the §1404(a) factors.

Plaintiff, a California corporation with its principal place of business in San Diego has chosen the Southern District of California as the forum for this action. In general, a plaintiff's choice of forum is entitled to substantial weight, and the defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986).

The factor of convenience of the witnesses and parties does not weigh heavily in either direction. Plaintiff wants the litigation to proceed in California, where it is located. Defendants, on the other hand, find it more convenient to litigate the case in Massachusetts, where Serono has its principal place of business. Plaintiff identifies as potential witnesses three former officers/managers of Priority (it is unclear whether the individuals are still employed by Plaintiff), who are California residents; four California pharmacies that participated in Serono's SPP/PPP Program; and Mr. Baiden, Serono's former regional sales representative, who is no longer a Serono employee and resides in Arizona. Defendants, on the other hand, identify as potential witnesses a current Serono employee, three ex-employees of Serono who reside in Massachusetts, and the relators who reside in Massachusetts and Connecticut.[1] At this stage in the litigation is unclear which witnesses are truly necessary to Plaintiff's and Defendants' cases. Plaintiff can list any number of employees, ex-employees, and pharmacies in California as potential witnesses, while Defendants can counter with an equal number of employees, ex-employees, and other witnesses in Massachusetts. Therefore, the Court does not place much weight on this factor.

With respect to ease of access to sources of proof, Defendants argue that the two

---

[1] Plaintiff objects to the declarations filed in support of Defendants' reply because they provide information, such as the identity of witnesses, that should have been supplied by the moving papers. The Court overrules Plaintiff's objection because the evidence does not affect the outcome of the Court's decision.

million documents produced in the course of the qui tam action are in Serono's possession in Massachusetts. However, it is doubtful that all of these documents are relevant to this action. Moreover, the physical location of evidence is a minor factor when considering a motion to transfer. See Van Slyke v.Capital One Bank, 503 F. Supp. 2d 1353, 1362 (N.D. Cal. 2007) ("With technological advances in document storage and retrieval, transporting documents does not generally create a burden.") There are witnesses who are not subject to compulsory process in California (ex-employees of Serono who reside in Massachusetts and relator Garcia), witnesses who are not subject to compulsory process in Massachusetts (officers, managers, or employees of other pharmacies in California and ex-employees of Plaintiff who reside in California), and witnesses who are not subject to compulsory process in either California or Massachusetts (relator Christine Driscoll and Mr. Baiden). Therefore, this factor carries little weight.

For the same reasons as discussed above, the Court is not convinced that the overall cost of litigation will be greater in this forum than it would be in Massachusetts. It seems that a transfer would just shift costs from Defendants to Plaintiff.

Both parties have contacts with this forum that relate to Plaintiff's cause of action. The agreements relating to the SPP/PPP program were executed by Plaintiff in San Diego. (Zeiger Decl. ¶¶ 8, 11.) Plaintiff performed its duties under the agreements in San Diego. Furthermore, any wrongful acts that might subject Defendants to liability for indemnification arguably would have been directed toward Plaintiff in San Diego.

Defendants claim that the Massachusetts District Court would be more familiar with the governing law because Massachusetts law applies due to a choice-of-law clause in the Data Collection Administrative Fee Agreement. (Def.'s RJN, Ex. B.) The choice-of-law provision provides, "This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts, regardless of the choice of law principles of that or any other jurisdiction." Here, however, Plaintiff is not suing under the Agreement, therefore the choice-of-law provision does not apply. See Kitner v. CTW Transport, Inc., 53 Mass. App. Ct. 741, 871-72 (2002) (holding that choice-of-law provision that provided that

the laws of North Dakota "shall govern the identity, construction, enforcement, and interpretation of this Agreement" did not encompass tortious conduct or other unfair acts). Therefore, whether Massachusetts or California law applies is determined upon an application of the forum's choice-of-law rules. This Court is certainly capable of applying California's choice-of-law rules.

Defendants suggest that the Massachusetts district court would be in a better position to determine the reasonableness of any attorney's fees that Plaintiff is entitled to recovery. Although the Massachusetts district court may be more familiar with the procedural history of the qui tam action, the Court is confident that it could familiarize itself with the pertinent aspects of the qui tam action and could properly assess the reasonableness of attorney's fees sought by Plaintiff.

Finally, Defendants contend that a transfer is justified in the interests of justice and judicial economy. Citing to Shelby v. Factory Five Racing, Inc., 2009 WL 481555 (C.D. Cal. Feb. 23, 2009) and B&B Hardware, Inc. v. Hargis Indus., Inc., 2006 WL 4568798 (C.D. Cal. Nov. 30, 2006), Defendants argue that this case should be transferred because the Massachusetts district court presided over the qui tam action and is familiar with the issues in the case. The Court does not find this argument persuasive. Shelby and B&B Hardware are distinguishable. In Shelby, the court transferred the case because there was an issue regarding the preclusive effect of prior litigation in the Eastern District of Arkansas. In B&B Hardware, transfer was appropriate because the previously-filed action in the District of Massachusetts and the action at issue involved "substantially similar parties and issues – the crux of both actions is Factory Five's allegedly unlawful use of the Shelby parties' marks in the marketing, sale, and distribution of its products." 2006 WL at * 4. Although this action arises out of the qui tam action, this action presents different issues – i.e., whether Defendants have engaged in conduct that render them liable for indemnification. The Massachusetts district court did not deal with this issue, and no duplication of efforts will result from this action remaining in this forum.

In sum, Defendants have not made a sufficient showing of inconvenience to upset

Plaintiff's choice of forum. Therefore, Defendants' motion to transfer the case is **DENIED**.

B. <u>Motion to Dismiss</u>

Defendants contend that Plaintiff's claims should be dismissed for failure to state a claim. The Court agrees. As discussed below, Plaintiff has failed to allege facts establishing that it is entitled to indemnification under California or Massachusetts law.[2]

1. <u>California Law</u>

Although Plaintiff states claims for declaratory relief and negligence in addition to equitable indemnification, Plaintiff's central claim is for indemnification. Without a right to indemnification, Plaintiff's negligence claim is not a vehicle for the recovery of attorney's fees. <u>See</u> <u>Davis v. Air Technical Indus., Inc.</u>, 22 Cal. 3d 1, 6 (1978) (explaining that "attorney's fees are not an ordinary item of actual damages.").

Plaintiff claims that it is entitled to equitable indemnification as a result of the "tort of another." However, the California Supreme Court "has consistently ruled that a cause of action for indemnity does not accrue until the indemnitee suffers loss through payment of an adverse judgment or settlement." <u>City of San Diego v. U.S. Gypsum</u>, 30 Cal. App. 4th 575, 588 (1995). <u>See also</u> <u>Western Steamship Lines, Inc. v. San Pedro Peninsula Hospital</u>, 8 Cal. 4th 100, 110 (1994) ("a fundamental prerequisite to an action for partial or total equitable indemnity is an actual monetary loss through payment of a judgment or settlement.") (quoting <u>Christian v. County of Los Angeles</u>, 176 Cal. App. 3d 466, 471 (1986)). Plaintiff did not pay an adverse judgment or settlement.

California law provides for the recovery of attorney's fees in certain specified circumstances set forth in Cal. Civ. Proc. Code § 1021.6. "Section 1021.6 codifies an exception to the general rule of section 1021 that each party must bear its own attorney fees unless otherwise provided by statute or contract." <u>Wilson, McCall & Daoro v. American</u>

---

[2] The parties have not briefed the issue of choice-of-law. Therefore, the Court will analyze the claims under the laws of California and Massachusetts.

Qualified Plans, Inc., 70 Cal. App. 4th 1030, 1035 (1999). The Ninth Circuit noted in Unocal Corp. v. United States, 222 F.3d 528, 549 (9th Cir. 2000), that section 1021.6 codified California's "tort of another" doctrine. Section 1021.6 provides:

> Upon motion, a court after reviewing the evidence in the principal case may award attorney's fees to a person who prevails on a claim for implied indemnity if the court finds (a) that the indemnitee through the tort of the indemnitor has been required to act in the protection of the indemnitee's interest by bringing an action against or defending an action by a third person and (b) if that indemnitor was properly notified of the demand to bring the action or provide the defense and did not avail itself of the opportunity to do so, and (c) that the trier of fact determined that the indemnitee was without fault in the principal case which is the basis for the action in indemnity or that the indemnitee had a final judgment entered in his or her favor granting a summary judgment, a nonsuit, or a directed verdict.

Plaintiff does not satisfy the requirements of section 1021.6 because there was no determination that Plaintiff was without fault. The claims were dismissed against Plaintiff for failure to state fraud with particularity. No judgment was entered in Plaintiff's favor. In addition, there are no allegations that Plaintiff demanded that Defendants provide the defense in the qui tam action.

Plaintiff relies on Prentice v. North Amer. Title Guar. Corp., 59 Cal. 2d 618 (1963), where sellers of land were allowed to recover from a negligent escrow holder the attorney's fees they incurred in suing third parties to quiet title. The Court notes that this case was decided before the enactment of section 1021.6. To the extent Prentice allows for fee shifting separate and apart from section 1021.6, Prentice is limited to unique cases involving "exceptional circumstances." See Davis v. Air Technical Indus., Inc., 22 Cal. 3d 1, 6 (1978) ("However, the Prentice exception was not meant to apply in every case in which one party's wrongdoing causes another to be involved in litigation with a third party. If applied so broadly, the judicial exception would eventually swallow the legislative rule that each party must pay for its own attorney."); see also Isthmian Lines, Inc. v. Schirmer Stevedoring Co., 255 Cal. App. 2d 607, 612 (1967) (explaining that the exception in Prentice covers a limited class of cases); Vacco Indus., Inc. v. Van Den Berg, 5 Cal. App. 4th 34 (1992) (explaining that Prentice does not apply in the case of joint tortfeasors). This case, in which Plaintiff was alleged to have engaged in its own wrongdoing – i.e., making false claims by seeking

reimbursement for the full price of Serostim – does not appear to be the type of "exceptional case" where recovery of attorney's fees is permitted.

The Court concludes that Plaintiff is not entitled to the recovery of its attorney's fees under the theory of equitable indemnification, Cal. Civ. Proc. Code § 1021.6, or any other California law.

2. Massachusetts Law

Under Massachusetts law, a right to indemnification may arise (1) where there is an express contract for indemnification; or (2) where a right to indemnification is implied from the contractual relationship between the parties; and (3) under the common law, where a party is exposed to liability because of the negligent act of another. Araujo v. Woods Hole, 693 F.2d 1, 2 (1st Cir. 1982);

Plaintiff argues that in this case, a right to indemnification can be implied from a special relationship between the parties. The Court disagrees. The Massachusetts Supreme Court explains, "We shall recognize an implied right to contractual indemnity only when there are 'special factors' surrounding the contractual relationship which indicate an intention by one party to indemnify another in a particular situation." Fall River Housing Authority v. H.V. Collins Co., 414 Mass. 10, 14 (1992). The existence of an indemnity agreement is inferred "only when the terms of the contract themselves contemplated such indemnification." Larkin v. Ralph O. Porter, Inc., 405 Mass. 179, 184 (1989).

There is nothing in the agreements or the relationship between the parties that indicates that the parties contemplated Defendants indemnifying Plaintiff against claims that Plaintiff made false claims for reimbursement with federal and state programs. Although Defendants came up with the SPP/PPP Program, which resulted in a reduced price for Serostim, it does not appear that the Program governed *how and to whom Plaintiff and the other participating pharmacies would make reimbursement claims*. In addition, the Data Collection Administrative Fee Agreement provided that it was Plaintiff's responsibility to "comply with applicable laws and regulations governing the practice of pharmacy in

Pharmacy's state and the prevailing standards of practice in Pharmacy's state." (Paragraph 1.4.)

Furthermore, implied indemnity "is limited to those cases in which the would-be indemnitee is held derivatively or vicariously liable for the wrongful act of another." Decker v. The Black and Decker Mfg. Co., 389 Mass. 35, 40 (1983). If it is alleged that the would-be indemnitee engaged in wrongdoing of its own, there is no basis for implying indemnification. Id. at 41 ("If as the third-party plaintiffs contend, the plaintiff's injuries were not caused by their negligence or breach of warranty, this will constitute an absolute defense to the main action. Such a defense, however, does not provide the basis for an indemnity claim."). In the qui tam action, the relators claimed that Plaintiff itself violated federal and state law by making false claims for reimbursement. Plaintiff was not exposed to derivative or vicarious liability, but, rather, was accused of actively engaging in unlawful conduct. Therefore, a right to indemnification cannot be implied under Massachusetts law.

### III.  CONCLUSION

For the reasons discussed above, Defendants' motion to transfer venue is **DENIED** and Defendants' motion to dismiss is **GRANTED**. Plaintiff's Complaint is **DISMISSED** for failure to state a claim. The Court grants Plaintiff leave to file an amended complaint within 20 days of the entry of this order. Failure to do so will result in the closing of this case.

**IT IS SO ORDERED.**

DATED:  January 5, 2010

Honorable Barry Ted Moskowitz
United States District Judge